UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| ANDREW T. BINKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:20-cv-00384-BPG |
| FIRST ADVANTAGE, | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**

Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., incorrectly named in the case caption as "First Advantage," by its attorneys and pursuant to Federal Rule of Civil Procedure 37(b), Local Rule 105, and this Court's August 26, 2021 Order (ECF No. 47), moves this Court to dismiss Plaintiff's Complaint with prejudice due to Plaintiff's refusal to participate in discovery and his repeated failure to comply with the Court's Orders.

**STATEMENT OF RELEVANT FACTS**

1. On November 12, 2020, First Advantage served its first set of interrogatories and first request for production of documents on Plaintiff by e-mail and regular mail. Plaintiff did not respond to First Advantage's discovery requests or request an extension of time to respond. Thus, on December 30, 2020, First Advantage moved to extend the discovery period (ECF No. 24), and the Court granted the motion the same day (ECF No. 26).

2. On January 22, 2021, First Advantage served its first requests for admissions on Plaintiff by e-mail and regular mail. At the parties' telephone conference before Judge Sullivan on January 26, 2021, Plaintiff denied receiving any of First Advantage's discovery requests until the prior week but stated that his responses would be forthcoming.

3. On January 29, 2021, as a courtesy, First Advantage re-sent its written discovery requests to Plaintiff by e-mail and regular mail and asked him to confirm receipt. Plaintiff did not respond. First Advantage e-mailed Plaintiff again on March 8, 2021 to ask about the status of his discovery responses. Again, Plaintiff did not respond.

4. On March 15, 2021, First Advantage informed Plaintiff that it intended to seek the Court's assistance to address his failure to cooperate in discovery. Plaintiff responded and claimed that he had already served his responses and would e-mail them to First Advantage's counsel.

5. As of March 22, 2021, Plaintiff still had not provided responses to First Advantage's discovery requests. Accordingly, pursuant to the Court's informal discovery dispute procedure, First Advantage filed a letter requesting the Court's assistance. (ECF No. 35.)[1] First Advantage submitted a separate letter the next day detailing the dispute, but Plaintiff never responded.

6. On March 25, 2021, the Court sent an e-mail to Plaintiff reminding him of his obligation to submit a letter stating his position on the parties' discovery dispute. The Court gave Plaintiff until March 29, 2021 to submit the letter, but Plaintiff did not file a letter.

7. On April 2, 2021, the Court entered an Order directing Plaintiff to submit his letter by April 7, 2021. (ECF No. 37.) Plaintiff, once again, ignored the Court's Order and did not file a letter.

---

[1] First Advantage contacted Plaintiff about submitting a joint letter as required by the Court's procedures, but Plaintiff refused. That same day, Plaintiff provided an untimely, unsigned, and undated document containing handwritten "denials" and "admissions" to First Advantage's requests for admissions. Because Plaintiff's responses were untimely and unsigned, all of First Advantage's requests are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3). To date, Plaintiff has not responded to First Advantage's interrogatories or requests for production of documents.

8. On April 21, 2021, the Court entered another Order noting Plaintiff's failure to participate in discovery and directing Plaintiff to provide complete responses to First Advantage's written discovery requests by May 5, 2021. (ECF No. 38.) The Court specifically warned Plaintiff that if he did not comply with the Court's Order, he could be sanctioned under Federal Rule of Civil Procedure 37. Despite this warning, Plaintiff did not comply with the Court's Order by providing responses to First Advantage's written discovery requests.

9. On May 12, 2021, counsel for First Advantage called Plaintiff and left a voicemail message inquiring about the status of his discovery responses. That same day, First Advantage's counsel also sent an e-mail and mailed a letter to Plaintiff about the status of his responses. Plaintiff did not respond to these communications.

10. On May 17, 2021, First Advantage's counsel again attempted to contact Plaintiff by telephone. This time, Plaintiff answered the call and promised to provide his responses by May 22, 2021. After Plaintiff failed to provide responses by that date, First Advantage again requested the Court's assistance.

11. On June 14, 2021, the Court entered a third Order and directed Plaintiff to respond to First Advantage's written discovery requests by June 25, 2021. (ECF No. 42.) The Court specifically warned that if Plaintiff "continue[d] to ignore [the] court's orders, he may be subject to sanctions . . . **up to and including dismissal of this case.**" (*Id.*)

12. Despite this warning, Plaintiff did not respond to First Advantage's written discovery requests by June 25, 2021. Thus, on June 28, 2021 First Advantage again requested the Court's assistance. (ECF No. 44.) The next day, First Advantage asked the Court to reschedule the July 13, 2021 settlement conference before Judge Sullivan in light of Plaintiff's

3

continued refusal to participate in discovery. (ECF No. 45.) Plaintiff did not respond to that request.

13. On August 26, 2021, the Court entered a fourth Order describing Plaintiff's "continued failure to participate in the discovery process" and "continued failure to comply with [the Court's] orders." (ECF No. 47.) The Court again warned Plaintiff that, given his refusal to participate in discovery, he may be subject to sanctions under Federal Rule of Civil Procedure 37. (*Id.*) The Court also advised the parties that it would entertain a motion to dismiss from First Advantage.

## ARGUMENT

Despite the Court's Orders and repeated warnings, and despite having more than ***nine months*** to respond to First Advantage's written discovery requests, Plaintiff still has not provided responses. Plaintiff also has not responded to First Advantage's communication regarding the re-submission of the parties' discovery dispute to the Court, nor has he responded to communications from Judge Timothy J. Sullivan's chambers regarding the re-scheduling of the settlement conference.

Plaintiff's willful obstruction of First Advantage's efforts to obtain relevant documents and information warrants the dismissal of this action under Rule 37. Fed. R. Civ. P. 37(d)(1)–(3). Dismissal is especially appropriate in this case given Plaintiff's repeated refusal to comply with numerous Court Orders. *See Jones v. Wal-Mart,* 473 F. App'x. 333, 334 (4th Cir. 2012) (affirming district court's dismissal of pro se plaintiff's action for failing to comply with a court order compelling responses to discovery); *Riggins v. Steel Techs.*, 48 F. App'x 460, 462 (4th Cir. 2002) ("Rule 37 permits a court to impose sanctions, including dismissal of a case with prejudice, if a party fails to comply with a discovery order."); *Barnwell v. Foot Locker Retail,*

*Inc.*, No. 5:16-CV-694-BO, 2019 WL 2385897, at *2 (E.D.N.C. June 5, 2019) (dismissing pro se complaint with prejudice where plaintiff "had ample opportunity to provide discovery" and "fail[ed] to comply with [the court's order] directing her to provide discovery responses").

Plaintiff has not provided any reason for his continued refusal to respond to First Advantage's discovery requests, and "Plaintiff's *pro se* status does not excuse participation in discovery or compliance with the requirements of the Federal Rules." *Thompson v. Washington Metro. Area Transit Auth.*, No. GJH-18-822, 2019 WL 5309627, at *2 (D. Md. Oct. 21, 2019) (quotation marks omitted). Because of Plaintiff's conduct, First Advantage has not been able to obtain any meaningful discovery relevant to Plaintiff's claims and has been prejudiced in its ability to defend itself in this case.

Moreover, First Advantage has expended substantial time and resources attempting to compel Plaintiff to comply with his basic discovery obligations. Plaintiff's complete disregard of his obligations and his failure to comply with the Court's Orders should not be tolerated. *See Cooper v. Fedex Ground Package Sys., Inc.*, No. 1:16CV547(JCC/TCB), 2017 WL 586874, at *8 (E.D. Va. Feb. 14, 2017) (dismissing pro se complaint for failure to comply with discovery orders, and noting that plaintiff's "flagrant disregard of court orders undermines the effectiveness of the court system"), *aff'd*, 698 F. App'x 76 (4th Cir. 2017). Plaintiff's Complaint, therefore, should be dismissed.

## **CONCLUSION**

For the foregoing reasons, First Advantage respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted,

FIRST ADVANTAGE BACKGROUND SERVICES CORP.

By: */s/ Esther Slater McDonald*
Renee B. Appel
Bar No. 19785
rappel@seyfarth.com
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC  20004
Telephone:  (202) 828-5371
Facsimile:   (202) 641-9189

Frederick T. Smith*
fsmith@seyfarth.com
Esther Slater McDonald*
emcdonald@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone:    (404) 885-1500
Facsimile:     (404) 892-7056

*Admitted Pro Hac Vice*

*Attorneys for Defendant First Advantage Background Services Corp.*

Date:  August 27, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2021, a copy of the foregoing DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37 served upon the following individual by electronic mail and the United States Postal Service:

Andrew T. Binks<br>
Abinks1@comcast.net<br>
4117 Back Woods Road<br>
Westminster, MD 21158

*/s/   Esther Slater McDonald*
Esther Slater McDonald