IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                          |   |                        |
|--------------------------|---|------------------------|
| ANDREW T. BINKS,         | * |                        |
| Plaintiff, *pro se*      | * |                        |
| v.                       | * | Civil No.: BPG-20-384  |
| FIRST ADVANTAGE,         | * |                        |
| Defendant                | * |                        |
|                          | * |                        |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM OPINION</u>

The above-referenced case was referred to the undersigned for all proceedings with the consent of the parties, pursuant to 28 U.S.C. 636(c) and Local Rule 301.4.  (ECF No. 16).  Currently pending is defendant's Motion to Dismiss ("defendant's Motion") (ECF No. 48), plaintiff's Response to Motion to Dismiss ("plaintiff's Response") (ECF No. 59), and defendant's Reply in Support of its Motion to Dismiss ("defendant's Reply) (ECF No. 62).  No hearing is deemed necessary.  Loc. R. 105.6.  For the reasons discussed herein, defendant's Motion to Dismiss (ECF No. 48) is GRANTED.

## I.    <u>BACKGROUND</u>

Plaintiff Andrew Binks ("plaintiff") asserts a negligence claim, arguing that defendant First Advantage ("defendant"),[1] which is hired by third parties to perform background investigations of prospective employees, reported erroneous information to plaintiff's prospective employer, causing plaintiff to lose his job offer.  (ECF No. 1 at 3-4).  Plaintiff, who

---

[1] Defendant notes that it is incorrectly identified by plaintiff as "First Advantage," and that its correct corporate name is First Advantage Background Services, Corp.  (ECF No. 48 at 1).

is pro se, brought suit in this court on February 13, 2020, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Id. at 2).  Plaintiff alleges damages in an amount greater than $75,000.  (Id. at 3).

On November 12, 2020, defendant served its First Set of Interrogatories and First Request for Production of Documents on plaintiff.  (ECF Nos. 62-1 at 1, 62-2 at 2).  On January 22, 2021, defendant served its First Set of Requests for Admission on plaintiff.  (ECF Nos. 62-1 at 2, 62-4 at 2).  On December 22, 2020, counsel for defendant emailed plaintiff, noting that he had tried to contact plaintiff several times, and was planning to file a motion to extend the discovery period.  (ECF No. 62-3 at 2).  On December 30, 2020, defendant filed a Motion to Extend Discovery and Modify Scheduling Order and requested a 90-day extension of the discovery deadline in light of plaintiff's failure to respond to defendant's discovery requests by the December 14, 2020 deadline.  (ECF No. 24).  On January 26, 2021, Judge Timothy Sullivan held a telephone conference with the parties, during which defendant confirmed that it had served the above interrogatories, request for production of documents, and requests for admission on plaintiff, and noted that it would re-serve this discovery.  (ECF No. 62-5 at 3). Defendant did so on January 29, 2021, but plaintiff did not respond.  (ECF Nos. 62-1 at 2, 62-5 at 3-4).

On March 8, 2021, defendant emailed plaintiff about the status of plaintiff's discovery responses, but plaintiff failed to respond yet again.  (Id.)  On March 15, 2021, defendant emailed plaintiff, noting defendant's plans to file a motion to compel with the court if plaintiff did not respond.  (ECF Nos. 62-1 at 2, 62-5 at 2).  Plaintiff responded by email the same day, indicating that he sent discovery responses to defendant "several weeks ago," but promised to send another

copy to defendant that week.  (Id.)  When plaintiff failed to do so, defendant emailed plaintiff on March 22, 2021, asking whether plaintiff would consent to a proposed joint letter regarding a discovery dispute pursuant to the court's informal discovery dispute procedure.  (Id.)  Plaintiff responded by email that he would not consent to the proposed joint letter, and further noted that his emails with attachments "were bouncing back."[2]   (ECF Nos. 62-1 at 2-3, 62-6 at 2). Defendant then filed a letter with the court noting a discovery dispute.  (ECF No. 35).

On March 23, 2021, defendant submitted an individual position letter regarding the discovery dispute by email to the court pursuant to the court's informal discovery dispute procedure.  (ECF No. 37).  On March 25, 2021, the court acknowledged receipt of defendant's letter and emailed plaintiff, directing plaintiff to submit his own letter to the court by email explaining his position on the outstanding discovery dispute by no later than March 29, 2021. (ECF No. 62-7 at 2).  Plaintiff did not respond to the court's email or file his individual position letter by the March 29 deadline.  (ECF No. 37).  On April 2, 2021, the court issued an order directing plaintiff to file his individual position letter by no later than April 7, 2021.[3]   (Id.) Plaintiff, however, did not comply with this order by the April 7 deadline.  (ECF No. 38).

Over the course of the next four months, on April 21, 2021, June 14, 2021, and August 26, 2021, the court issued three separate orders directing plaintiff to respond to defendant's

---

[2] In this same email, plaintiff sent defendant his responses to defendant's requests for admission. (ECF No. 62-1 at 2, ¶7).  Plaintiff's responses, however, were unsigned, and plaintiff still had not yet responded to defendant's interrogatories or request for production of documents.  (Id.)
[3] As indicated on the docket entry by the "c/m" designation, the Clerk's Office mailed a copy of this order to plaintiff's Maryland address that was on file with the court at that time.  (See ECF No. 37).

discovery requests.[4]  (ECF Nos. 38, 42, 47).[5]  The court advised plaintiff in each of the three

orders that he may be subject to sanctions pursuant to Federal Rule of Civil Procedure 37 if he

did not comply.  (Id.)  The court also specifically warned plaintiff in its orders issued on June 14,

2021 and August 26, 2021 that he may be subject to sanctions pursuant to Rule 37, "up to and

including dismissal of this case," if he did not comply with the court's orders.  (ECF Nos. 42,

47).  Plaintiff failed to comply with any of the court's orders and, thereafter, the pending Motion

and related pleadings were filed.[6]

## II.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 37 provides that the court may impose sanctions upon a

party who, "after being properly served with interrogatories under Rule 33 or a request for

inspection under Rule 34, fails to serve its answers, objections, or written response."  Fed. R.

Civ. P. 37(d)(1)(A)(ii).  Sanctions may include: "(i) directing that the matters embraced in the

order or other designated facts be taken as established for purposes of the action, as the

prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing

designated claims or defenses, or from introducing designated matters in evidence; (iii) striking

pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v)

dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against

---

[4] In addition, on May 17, 2021, defendant spoke with plaintiff by telephone and, according to
defendant, plaintiff promised to provide discovery responses by May 22, 2021.  (ECF No. 62-1
at 4, ¶ 13).  Plaintiff failed to do so.  (Id. ¶ 14).
[5] The Clerk's Office mailed a copy of each order to plaintiff's Maryland address that was on file
with the court at that time.  (See ECF Nos. 38, 42, 47 docket entries).
[6] On September 3, 2021, less than a week after defendant filed its Motion to Dismiss, plaintiff
filed a Notice of Change of Address with the court, indicating a new mailing address in Florida
and noting that he was "currently not able to receive email" and had "not received any mail from
the defendant or court in some time."  (ECF No. 50).

the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A).

Prior to imposing sanctions, the court should consider: "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective." O'Briant v. Nestle Dreyer's Ice Cream, No. ELH-18-1048, 2020 WL 3791958, at *7 (D. Md. July 6, 2020) (quoting Belk v. Charlotte Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001)).  While a district court has broad discretion to impose sanctions upon a party that does not obey a discovery order, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." Mut. Fed. Sav. & Loan Ass'n, 872 F.2d 88, 92 (4th Cir. 1989).  "[T]he proper sanction against a non-participating plaintiff is typically dismissal with prejudice, rather than default judgment." Allen v. One Stop Staffing, LLC, ELH-19-2859, 2021 WL 5416530, at *3 (D. Md. Nov. 19, 2021) (collecting cases).  In addition, a plaintiff's pro se status does not excuse him from compliance with the Federal Rules of Civil Procedure. O'Briant, 2020 WL 3791958, at *8 (citing Dancy v. Univ. of N.C. at Charlotte, No. DCK-08-166, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009); Arnett v. Prince George's Cnty., No. AW-02-3861, 2004 WL 3313218, at *2 (D. Md. July 29, 2004)).

## III.   DISCUSSION

Defendant moves to dismiss plaintiff's Complaint with prejudice pursuant to Rule 37 due to plaintiff's failure to obey the court's orders and participate in discovery.  (ECF No. 48 at 1).

Plaintiff argues that he has sent his discovery responses to defendant "multiple times" (ECF No. 59 at 1) and provides emails purporting to corroborate his assertion (ECF No. 59-1 at 1-2).  The factors to consider related to Rule 37(b)(2) are discussed in turn below.

The first factor is whether plaintiff acted in bad faith.  "Failure to obey court orders, especially repetitively, amounts to bad faith."  Paradyme Mgmt., Inc. v. Curto, No. PWG-17-3687, 2018 WL 9989656, at *8 (D. Md. June 11, 2018).  Here, plaintiff has failed to provide discovery to defendant for more than a year since defendant first propounded discovery on plaintiff on November 12, 2020.  (See ECF No. 62-1).  Even as of December 7, 2021—the date of defendant's Reply—plaintiff had still not provided any response to defendant's interrogatories or request for production of documents.  (ECF No. 62 at 2).  Plaintiff has also blatantly disregarded and ignored four orders from this court (ECF Nos. 37, 38, 42, 47), issued over the course of approximately five months.  See White v. Shoppers Food Warehouse Corp., No. JKS-11-1955, 2013 WL 599105, at *2 (D. Md. Feb. 14, 2013) ("Here, four separate failures to respond to a court order support a finding of bad faith.").

In addition, plaintiff did not respond to the court's email dated March 25, 2021, directing plaintiff to submit a letter setting forth his respective position on the pending discovery dispute pursuant to the court's informal discovery dispute procedure (ECF No. 62-7 at 2), even though there is evidence that plaintiff was able to receive and send emails just days prior on March 15, 2021, and March 22, 2021 (ECF Nos. 62-5 at 2, 62-6 at 2).  Further, there is evidence that plaintiff has, on at least two occasions, explicitly promised to provide discovery responses to defendant but nevertheless failed to do so.  For example, in an email on March 15, 2021, plaintiff noted that he "will scan in [a] copy any [sic] send to [defendant] this week."  (ECF No. 62-5 at

2).  Plaintiff, however, failed to send his responses.  (ECF No. 62-1 at 2, ¶ 6).  In a call with defendant on May 17, 2021, plaintiff promised to provide his responses to defendant by May 22, 2021," but again failed to do so.  (ECF No. 62-1 at 4, ¶ 13).  In sum, plaintiff's disregard for the Federal Rules of Civil Procedure, as well as the court's orders, "demonstrates a 'pattern of indifference and disrespect to the authority of the court.'"  Pisani v. Balt. City Police Dep't, No. WDQ-12-1654, 2014 WL 1401934, at *3 (D. Md. Apr. 8, 2014).  Accordingly, the first factor, whether plaintiff acted in bad faith, weighs in favor of dismissal.

The second factor to consider is "the amount of prejudice that noncompliance caused the adversary."  O'Briant, 2020 WL 3791958, at *7.  "The purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available."  Adams v. Md. Mgmt. Co., No. WDQ-11-2408, 2013 WL 142074, at *2 (D. Md. Jan. 10, 2013).  "When, as a result of a plaintiff's lack of participation, there has been little to no discovery in a case, the amount of prejudice to a defendant is substantial . . . Without any discovery, [d]efendants have no means adequately to prepare their case, a situation that puts them at a distinct and prejudicial disadvantage."  Doggett v. City of Hyattsville, Md., No. TDC-13-3889, 2014 WL 6471748, at *3 (D. Md. Nov. 17, 2014).

Here, plaintiff's failure to participate in discovery for over a year has caused substantial prejudice to defendant.  As a result of plaintiff's failure to engage in discovery, defendant has filed two motions for extension of scheduling deadlines (ECF Nos. 24, 39), which the court has granted (ECF Nos. 27, 40).  Settlement conferences scheduled to be held on February 4, 2021, and July 13, 2021, were cancelled (ECF Nos. 28, 46), and defendant has spent over a year attempting to contact plaintiff by email, regular mail, and telephone to obtain discovery

7

responses.   (See ECF No. 62-1).   Further, due to plaintiff's non-participation in discovery, defendant has been unable to subpoena third parties, identify former employers who may have information relevant to plaintiff's claim for lost wages, or otherwise prepare a defense against plaintiff's claims.   See Robertson v. Deco Sec., Inc., No. WDQ-09-3093, 2010 WL 3781951, at *5 (D. Md. Sept. 22, 2010) ("[I]t cannot be disputed that [p]laintiff's failure to answer even a single interrogatory precludes [d]efendant from preparing a defense.").   Accordingly, this factor weighs in favor of dismissal.

Third, the court considers the need to deter noncompliance similar to plaintiff's noncompliance in this case.   O'Briant, 2020 WL 3791958, at *7.   Conduct such as "stalling and ignoring the direct orders of the court . . . must obviously be deterred."   Mut. Fed. Sav. & Loan Ass'n, 872 F.2d at 93.   Here, plaintiff has failed to adhere to the court's repeated orders to produce discovery, including two orders in which the court clearly advised plaintiff that he may be subject to sanctions pursuant to Rule 37, "up to and including dismissal of this case," if he did not comply.[7]   (ECF Nos. 42, 47).   Plaintiff's failure to produce discovery despite the court's explicit warnings, therefore, support dismissal.   See Zornes v. Specialty Indus., 166 F.3d 1212 (Table), 1998 WL 886997, at *6 (4th Cir. 1998) (affirming district court's dismissal of plaintiffs' consolidated cases with prejudice pursuant to Rule 37 when the court expressly warned plaintiffs that further discovery abuse could result in the dismissal of their claims).   "Deterring egregious acts of noncompliance should prevent future litigants from 'flout[ing] other discovery orders of

---

[7] As noted above, plaintiff also failed to respond to the court's email dated March 25, 2021, directing plaintiff to submit a position letter pursuant to the court's informal discovery dispute procedure by no later than March 29, 2021 (ECF No. 62-7 at 2), even though plaintiff was clearly able to receive and send emails on March 15, 2021, and March 22, 2021 (ECF Nos. 62-5 at 2, 62-6 at 2).

other district courts.'"   Lance v. Megabus Northeast, LLC, No. PWG-16-3459, 2017 WL 3480800, at *3 (D. Md. Aug. 14, 2017) (citing Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976)).  Accordingly, this factor weighs in favor of dismissal.

The fourth consideration is whether less drastic sanctions would be effective.  O'Briant, 2020 WL 3791958, at *7.  Permitting a case to proceed when a plaintiff fails to produce requested evidence is "pointless" because defendant "would be prevented from introducing such evidence at trial."  Williams v. Montgomery Cnty., Md., No. PX-16-3204, 2018 WL 2087396, at *4 (D. Md. May 4, 2018) (dismissing case with prejudice when plaintiff failed to participate in discovery over the course of ten months despite court orders to do so and repeated attempts by defendant to contact plaintiff).

In this case, the court has afforded plaintiff four opportunities over the course of approximately five months to provide discovery responses to defendant (ECF Nos. 37, 38, 42, 47), including two explicit warnings that this case could be dismissed if plaintiff did not comply (ECF Nos. 42, 47).  Plaintiff, however, has still failed to provide any discovery responses, even as of December 7, 2021, the date of defendant's Reply.[8]  (ECF No. 62 at 2).  In total, plaintiff has failed to engage in discovery for more than a year.  (See ECF No. 62-1).  Plaintiff, however, contends that he already sent responses to defendant "multiple times" (ECF No. 59 at 1), and provides evidence of two emails to support his assertion.  The first email is dated February 15, 2021, and the second email is dated April 7, 2021.  (ECF No. 59-1 at 1-2).  As defendant notes, however, while the authenticity of the emails is questionable (see ECF No. 62 at 3, ¶ 8), even

---

[8] The court notes, however, that plaintiff provided his responses to defendant's requests for admission by email on March 22, 2021, although plaintiff's responses were unsigned.  (ECF No. 62-6 at 2-7).

assuming their accuracy, the emails do not excuse plaintiff's dilatory conduct in this case. For example, even if plaintiff sent his discovery responses to defendant on February 15, 2021, as plaintiff contends, there is evidence that plaintiff was aware after that date, on March 15, 2021, and on March 22, 2021, that defendant still had not received any responses to its interrogatories or requests for production of documents. (See ECF Nos. 62-1 at 2-3, 62-5 at 2-4, 62-6 at 2-3). In addition, even if plaintiff sent his responses to defendant again on April 7, 2021, as plaintiff asserts, there is evidence that plaintiff was aware after that date, during a phone call with defendant on May 17, 2021, that defendant still had not received any discovery responses. (ECF No. 62-1 at 4, ¶ 13).

Further, plaintiff argues that there were "delays and issues with mail delivery" and that he has been in the process of moving from Maryland to Florida since March 29."[9] (ECF No. 59 at 1). Plaintiff also indicated in his Notice of Change of Address, filed on September 3, 2021—less than a week after defendant filed its Motion to Dismiss—that he was "currently not able to receive email" and had "not received any mail from the defendant or court in some time." (ECF No. 50). As defendant notes, however, plaintiff did not specify how long he had not been able to receive email. (See id.) As discussed above, there is evidence that plaintiff was able to receive and send emails on March 15, 2021 and March 22, 2021, when he corresponded with defendant by email. (ECF Nos. 62-5 at 2, 62-6 at 2-3). Plaintiff was also apparently able to access his email on February 15, 2021, and April 7, 2021, when he alleges he emailed defendant his discovery responses. (ECF No. 59-1 at 1-2).

---

[9] Plaintiff does not indicate what year he started the process of moving from Maryland to Florida, but given that plaintiff filed a Notice of Change of Address with the court on September 3, 2021 (ECF No. 50), the court infers that plaintiff means March 29, 2021.

Moreover, plaintiff did not notify the court of his change of address until September 3, 2021 (ECF No. 50), more than five months after plaintiff claims he started the process of moving from Maryland to Florida (ECF No. 59 at 1). Plaintiff's failure to engage in discovery, therefore, may not be excused on the basis of alleged mail delivery issues when it was plaintiff who failed to keep the court apprised of his current mailing address.[10]  See Simpson v. Hassan, No. 1:08CV455, 2014 WL 3547023, at *1 n.5 (M.D.N.C. July 16, 2014) ("Arguably, Plaintiff's failure to provide an updated address to the Court also constitutes grounds for judgment against him.") (collecting cases allowing dismissal when plaintiff failed to keep the court informed of an address change). Plaintiff's apparent inaccessibility for over five months "is anything but diligent prosecution of [his] case." Hibbert v. Apfel, No. 99CIV.4246(SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000).

In sum, plaintiff has failed to provide responses to defendant's interrogatories and requests for production of documents for more than a year despite four court orders, including two explicit warnings that this case could be dismissed if plaintiff did not comply. (ECF Nos. 37, 38, 42, 47). Plaintiff also failed to inform the court of his new mailing address until the eleventh hour, after defendant had already filed its Motion to Dismiss and more than five months after plaintiff claims to have begun the process of moving from Maryland to Florida. (See ECF Nos. 50, 59 at 1). In light of the court's orders clearly warning plaintiff that his failure to comply may result in dismissal, "a less severe sanction could 'place[] the credibility of the court in doubt

---

[10] Even when plaintiff finally provided an updated address to the court, he provided an incorrect zip code, causing further delays in this case. (See ECF No. 55). In addition, pursuant to Local Rule 102(1)(b)(iii), "self-represented litigants must file with the Clerk in every case which they have pending a statement of their current address where case-related papers may be served. *This obligation is continuing*, and if any self-represented litigant fails to comply, the Court may enter an order dismissing any affirmative claims for relief filed by that party . . . ." (emphasis added).

11

and invite[] abuse.'" <u>Woodbury v. Victory Van Lines</u>, No. TDC-16-2532, 2019 WL 2135649, at

*6 (D. Md. May 16, 2019) (quoting <u>Ballard v. Carlson</u>, 882 F.2d 93, 95-96 (4th Cir. 1989)). To

allow plaintiff's case to continue without sanctions, or with lesser sanctions, would serve to

render meaningless this court's orders. The court, therefore, concludes that less drastic sanctions

would not be effective in this case. In sum, considering the four factors discussed above,

dismissing this case with prejudice[11] as a sanction for plaintiff's failure to comply with the

court's orders and participate in discovery is appropriate pursuant to Rule 37(b)(2)(A)(v).

Accordingly, defendant's Motion to Dismiss is granted.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, defendant's Motion to Dismiss (ECF No. 48) is GRANTED.

A separate order will be issued.


March 24, 2022                                        _____/s/_____

                                                      Beth P. Gesner
                                                      Chief United States Magistrate Judge

---

[11] Dismissal with prejudice is appropriate here because plaintiff repeatedly failed to respond to discovery requests over the course of 12 months and comply with four court orders despite two explicit court warnings that noncompliance could result in dismissal. <u>See</u> <u>White</u>, 2013 WL 599105, at *3 (dismissing pro se plaintiff's case with prejudice when she repeatedly failed to produce discovery over the course of 14 months and comply with four court orders despite court warnings that noncompliance could result in dismissal).